IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN GARCIA,
#M30182,

        Petitioner,

v.

WARDEN,

        Respondent.

Case No. 22-cv-01355-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Brian Garcia, an inmate in the custody of the Illinois Department of Corrections incarcerated at Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

### ANALYSIS

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2254 when a petitioner is challenging the fact or duration of confinement, and if he seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490, (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a).

In contrast, a civil rights action is the proper vehicle for a challenge to the conditions of a prisoner's confinement. *Preiser*, 411 U.S. at 499.

Garcia does not challenge either the fact or the duration of his confinement, and the relief he seeks would not affect the duration of his confinement. Indeed, Garcia's petition fails to state any grounds for relief that are recognizable under Section 2254. Rule 2 of the Rules Governing Section 2254 Cases requires that a petition "specify the grounds for relief available to the petitioner" and "state the facts supporting each ground." Even if the Court recognizes Garcia's argument that he is being held as someone else, he did not raise this point when he appealed his conviction:

> Defendant raises three points on appeal. First, he contends that his indictment was facially defective because it alleged conduct which occurred outside the general three-year statute of limitations for felony prosecutions and did not allege that any special limitations period or extension applied. Second, defendant claims that trial counsel provided ineffective assistance by failing to file a motion to dismiss the indictment on statute of limitations grounds. Third, defendant argues that the State did not prove beyond a reasonable doubt that A.K. was under thirteen years of age when the sexual assaults occurred.

*People v. Garcia*, 2014 IL App (1st) 123242, ¶ 20. Then the Illinois Supreme Court denied his appeal. *People v. Garcia*, 39 N.E.3d 1006 (Ill. 2015).

Garcia also complains about his accommodations and his care. For a state prisoner like Garcia, the proper vehicle for a claim such as this is an action under 42 U.S.C. § 1983. Without making any decision on the merits of Garcia's claim, the Court must dismiss the habeas petition because it fails to state a claim for habeas relief. The Court cannot simply convert Garcia's Section 2254 petition into a Section 1983 complaint. *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). As directed by the Seventh Circuit in *Glaus*, 408 F.3d at 389-390, Garcia is informed of the following:

1. This Court is not making any decision on the merits of his claim and is not deciding whether the facts alleged in his petition would state a cause of action under Section 1983.

2. Garcia may refile his claim under the proper legal label, subject to the normal rules such as those prohibiting frivolous lawsuits and requiring payment of a filing fee. That complaint would again be subject to preliminary review.

3. If he refiles his claim as a Section 1983 action, he may be assessed a "strike" under 28 U.S.C.A. § 1915(g) if that action is dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The Court also denies Garcia's Motion for Temporary Restraining Order. (Doc. 2).

### DISPOSITION

For the reasons set forth above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice**. All other pending motions are **DENIED as moot**.

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Except in special circumstances, a dismissal without prejudice is not a final appealable order, so a certificate of appealability is not required. *See Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). However, because this action was brought under the wrong statute, the Court finds that this matter presents special circumstances, and this dismissal Order should be final and appealable. The Court finds, however, no basis for a determination that its decision is debatable or incorrect. Thus, Garcia has not made "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C § 2253, and a certificate of appealability

shall **NOT** be issued.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

If Garcia wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Garcia plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Garcia does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED:   October 6, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**